**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5250-17T3

IN THE MATTER OF TIA
SMITH, CAMDEN COUNTY
CORRECTIONAL FACILITY,
DEPARTMENT OF
CORRECTIONS.

_____

Submitted October 3, 2019 – Decided October 31, 2019

Before Judges Alvarez and DeAlmeida.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-1068.

Alterman & Associates, LLC, attorneys for appellant Tia Smith (Stuart J. Alterman and Timothy J. Prol, on the briefs).

Christopher A. Orlando, Camden County Counsel, attorney for respondent Camden County Department of Corrections (Howard L. Goldberg, First Assistant County Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (George N. Cohen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Tia Smith, a former corrections officer with the Camden County Correctional facilities, Department of Corrections (CCC), appeals from the June 8, 2018 final agency decision of the Civil Service Commission (Commission) terminating her employment on grounds, among others, of insubordination and conduct unbecoming an employee.[1] We affirm.

CCC commenced disciplinary proceedings against Smith, culminating in an October 3, 2017 final notice of disciplinary action (FNDA) sustaining all charges and terminating her employment. Smith appealed to the Commission, where the case was transmitted to the Office of Administrative Law (OAL) for hearing as a contested case. See N.J.S.A. 52:14D-1 to -8 and 14F-1 to -23. The administrative law judge's (ALJ) initial decision thoroughly canvassed the testimony, finding Smith was not credible.

---

[1] Smith was charged with violating: N.J.A.C. 4A:2-2.3(a)(1) Incompetency, Inefficiency, Failure to Perform Duties; N.J.A.C. 4:A2-2.3(a)(2) Insubordination; N.J.A.C 4A:2-2.3(a)(6) Conduct Unbecoming of an Employee; N.J.A.C. 4A:2-2.3(a)(12) Other Sufficient Cause. Smith was also found to have violated Camden County Correctional Facility Rules of Conduct: 1.1 Violations in General; 1.2 Unbecoming Conduct; 1.3 Neglect of Duty; 1.4 Insubordination; 2.1 Abuse of Sick Leave; 2.4 Reporting Off Sick; 2.12 Fictitious Illness or Injury Reports; Internal Affairs Order #001 (for lying during questioning); General Order #28 (sick leave and lateness policies); General Order #72 (personal conduct of employee); and General Order #74 (violation of the professional code of conduct).

A-5250-17T3

The charges arose from Smith's travel to Las Vegas to celebrate her birthday, which resulted in her failure to appear for her next scheduled tour of duty. Smith falsely reported that she was ill to justify her absence, and was not forthright during the internal affairs investigation regarding the incident. As the ALJ detailed, Smith gave "ever morphing version[s]" of the events at issue "from her first interview through her testimony in [the OAL hearing]." The ALJ found the employer met its burden of proof by a preponderance of the evidence as to each charge.

Smith, who had been a corrections officer since 2011, was found to have engaged in conduct unbecoming and neglect of duty in 2015. She lied during that investigation, and the CCC imposed a 180-day suspension. In 2016, she was suspended for three days for failure to perform her duties, conduct unbecoming, and neglect of duty. Because of Smith's prior disciplinary history and the nature of these charges, the ALJ agreed with the CCC that termination was the appropriate sanction. Progressive discipline was not applicable where the employee held a position involving public safety, and the misconduct raised the risk of harm to persons or property. The Commission adopted the ALJ's initial decision in its entirety. Thus, it affirmed Smith's removal and dismissed her appeal.

Smith claims the Commission erred as follows:

POINT I. THE ACTION TAKEN BY THE CIVIL SERVICE COMMISSION IN REMOVING APPELLANT FROM EMPLOYMENT WAS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AND, ACCORDINGLY, MUST BE REVERSED.

A. THE ACTION TAKEN BY THE COMMISSION IN REMOVING APPELLANT FROM EMPLOYMENT VIOLATES EXPRESS OR IMPLIED LEGISLATIVE POLICIES AND, ACCORDINGLY, MUST BE REVERSED.

B. THE ACTION TAKEN BY THE COMMISSION IN REMOVING APPELLANT FROM EMPLOYMENT LACKS FAIR SUPPORT IN THE RECORD AND, ACCORDINGLY, MUST BE REVERSED.

We affirm, relying upon the Commission's reasons for adopting the ALJ's cogent initial decision. We also consider Smith's points of error to be so lacking in merit as to require little discussion in a written decision. See R. 2:11-3(e)(1)(D).

We will not disturb an agency's judgment unless the court finds it to be "arbitrary, capricious, or unreasonable, or [ ] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)); Karins v. Atl. City, 152 N.J. 532, 540 (1998). We do not substitute our judgment

4

for the agency's. In re Carter, 191 N.J. 474, 483 (2007). This deferential review applies to disciplinary actions. In re Herrmann, 192 N.J. 19, 28 (2007). Substantial credible evidence supports the ALJ's findings, as adopted by the Commission.

In employee discipline proceedings, the agency need only "prove [its] case by a preponderance of . . . credible evidence." Beaver v. Magellan Health Servs., Inc., 433 N.J. Super. 430, 435 (App. Div. 2013) (citing Atkinson v. Parsekian, 37 N.J. 143, 149 (1962)). The CCC did so here.

Police officers[2] are held to a higher standard than other public employees, and must act as an ambassador to the public in "personal integrity and dependability . . . ." In re Phillips, 117 N.J. 567, 576 (1990); Twp. of Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div. 1965). An officer may be punished for refusing to obey orders. See, e.g., Cosme v. Borough of E. Newark Twp. Comm. 304 N.J. Super. 191, 199 (App. Div. 1997); see also Bowden v. Bayside State Prison (Dep't of Corr.), 268 N.J. Super. 301, 305-06 (App. Div. 1993) (Correctional officers must maintain order and discipline to safely run a prison or jail.).

---

[2] Correctional police officers, such as Smith, hold full police powers. N.J.S.A. 2A:154-4.

We do not consider the punishment to have been disproportionate to the offense, or shocking to our sense of fairness. Herrmann, 192 N.J. at 28-29. Smith had a prior disciplinary history that included being dishonest during the course of an internal affairs investigation. For a corrections officer in particular, this breach of basic standards of behavior and protocol, having occurred more than once, warranted removal. Generally, progressive discipline is the implied legislative policy. Smith's failure to appear at the facility, however, and her flagrant disregard for the truth during the ensuing investigation and hearing, made termination necessary. Smith's conduct in this instance and her past record justified removal. See Stallworth, 208 N.J. at 196.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5250-17T3